# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JAMES FITZPATRICK,

    Plaintiff,

v.                                                                                Civ. No. 18-706 JCH/GBW

BETTY JUDD, *et al.*,

    Defendants.

## ORDER ON PENDING MOTIONS

THIS MATTER is before the Court on the letter motions to compel (*docs. 8, 13*), and letter requests "[a]mending all 3 case numbers (above) as one" (*docs. 18, 19*) filed by Plaintiff James Fitzpatrick. The Court will deny the requests.

**Motions to Compel:** Plaintiff Fitzpatrick has filed two letter motions to compel. *Docs. 8, 13*. Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b). Requests for service of process, discovery, to compel, or to submit proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling. The Court therefore denies Plaintiff Fitzpatrick's letter motions to compel as premature.

**Requests to Consolidate Cases as One:** Plaintiff Fitzpatrick has also filed two letters "[a]mending all 3 case numbers [CV 18-00706, CV 18-00730, and CV 18-00735] as one." *Docs. 18, 19.* The Court construes the letters as requests to consolidate and amend the three pending cases. The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the court. *Shump v. Balka,* 574 F.2d 1341, 1344 (10th Cir.1978). In deciding whether to grant a motion to consolidate, the court should initially consider whether the cases to be consolidated involve a common question of law or fact. If there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. See *Servants of the Paraclete v. Great American Insurance Co.,* 866 F. Supp. 1560, 1572 (D.N.M. 1994). The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on

its docket are to be administered to promote expedition and economy while providing justice to the parties. Where consolidation will not promote convenience and economy in case administration, the Court properly denies a motion to consolidate. *Shump*, 574 F.2d at 1344.

Plaintiff Fitzpatrick chose to file three separate complaints on Prisoner's Civil Rights Complaint forms. *See* Doc. 1 in CV 18-00706, CV 18-00730, and CV 18-00735. Although there may be some overlap among them, each of the Prisoner's Civil Rights Complaints appears to be primarily directed against different defendants and involves different underlying events or transactions. The Court concludes that consolidation will not promote economy or convenience in case administration, and therefore denies the letter requests.

**IT IS ORDERED:**

(1) The letter motions to compel filed by Plaintiff James Fitzpatrick (*docs. 8, 13*) are **DENIED;** and

(2) The two letters "[a]mending all 3 case numbers (above) as one" (*docs. 18, 19*) are **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE