# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAMES D. FITZPATRICK,

        Plaintiff,

vs.                                    No. CV 18-00706 JCH/GBW

BETTY JUDD, ALL SECURITY STAFF,
ALL OTHER STAFF, CENTURION MEDICAL LLC,
N.M. DEPT OF CORRECTIONS, C.O. RODRIGUEZ,
DR. BARRY BEAVINS, (PROVIDER) TIFFANY
PERALTA, A.W. AMANDA STINSON, TRINITY
FOOD SERVICE,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Prisoner Civil Rights Complaint filed by Plaintiff, James D. Fitzpatrick. (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute this proceeding.

Plaintiff, James D. Fitzpatrick, filed this civil rights proceeding under 42 U.S.C. § 1983 on July 24, 2018. (Doc. 1). Plaintiff did not pay the $400.00 filing fee. Plaintiff did submit Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Doc. 2). The Prisoner's Motion and Affidavit was deficient because it did not include the 6-month inmate account statement required by 28 U.S.C. § 1915(b). On July 25, 2018, the Court ordered Plaintiff to cure this deficiency within 30 days by submitting the requisite six-month inmate account statement. (Doc. 3). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 3 at 1, 3).

More than 30 days elapsed after entry of the Court's Order to Cure Deficiency and Plaintiff did not submit the 6-month inmate account statement. Plaintiff did file two letter responses to the Court's Order on August 3 and August 16, 2018. (Doc. 4, 7). Plaintiff's response stated that his request for an account statement was "denied." (Doc. 4). The letter response was not sworn under penalty of perjury and includes no supporting documentation as to when his request for the account statement was submitted, who it was submitted to, or when, by who, and how it was denied.

On February 26, 2019. the Court entered an Order to Show Cause directing Plaintiff Fitzpatrick to show cause, within twenty-one (21) days of entry of the Order, why his Prisoner's Civil Rights Complaint should not be dismissed for failure to comply with 28 U.S.C. §§ 1914 and 1915 and with the Court's July 25, 2018 Order to Cure Deficiency. (Doc. 20). Plaintiff sent a letter in response to the Court's February 26, 2019 Order to Show Cause. (Doc. 22). In his response, Plaintiff again argues that he requested his inmate account statement but received no response. He also claims that his son sends him approximately $250 per month, or $3,000 per year because he has to pay for his food in prison, and that prison officials should be required not only to pay this Court's filing fee, but also reimburse his son for the money Fitzpatrick spends on commissary expenses. (Doc. 22).

Attached to Plaintiff Fitzpatrick's response is his inmate account statement for a one-month period of time from January 12, 2019 to February 14, 2019. (Doc. 22 at 4). The inmate account statement shows that Fitzpatrick had deposits to the account totaling $450 during the one-month period. The average balance in his account during that month was $180.86. The account statement also shows that he spends his money on commissary purchases. (Doc. 22 at 4).

The Court takes judicial notice that Plaintiff Fitzpatrick has been ordered and has failed to pay the filing fee, submit his inmate account statement, or make an initial partial payment of the

fee in two other pending civil rights cases, *Fitzpatrick v. Judd, et al.*, No. CV 18-00730 RB/CG, and *Fitzpatrick v. Judd, et al.,* No. CV 18-00735 MV/KBM.  In an additional case, *Fitzpatrick v. New Mexico Dept. of Corrections,* No. CV 17-01042 KG/SMV, the case was dismissed without prejudice for failure to comply with an Order to cure the identical deficiency. *See Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972) (the Court may take judicial notice of its own records).

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee.  Plaintiff has failed to either pay the $400.00 filing fee or submit an application to proceed under § 1915 in proper form. The Court may also require an inmate to choose between prison purchases and litigation.  *See Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947, 949 (10th Cir. 2001).  In this case, Plaintiff Fitzpatrick's response and inmate account statement demonstrate that he has the means to make at least an initial partial payment but refuses to do so. (Doc. 22).  Plaintiff's decision to spend his money on commissary purchases does not excuse his failure to comply with the *in forma pauperis* requirements of 28 U.S.C. §1915.  *Shabazz,* 127 F.3d at 1248-49; *Baker,* 9 F. App'x at 949.

The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Plaintiff Fitzpatrick has failed to comply with the statutory requirements to proceed *in forma pauperis,* has failed to comply with the Court's Orders, and has failed to prosecute this proceeding.  Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with

the Court's Orders of July 25, 2018 and February 26, 2019, and failure to prosecute this proceeding. *Olsen,* 333 F.3d at 1204.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff James D. Fitzpatrick (Doc. 1) is **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b).


_____
UNITED STATES DISTRICT JUDGE